# IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| SECRETARY CLAIRE DEMATTEIS in her official capacity as Secretary of the Delaware Department of Human Resources and Co-Chair of the State Employee Benefits Committee, DIRECTOR CERRON CADE in his official capacity as Director of the Delaware Office of Management and Budget and Co-Chair of the State Employee Benefits Committee, DELAWARE DEPARTMENT OF HUMAN RESOURCES, DELAWARE STATE EMPLOYEE BENEFITS COMMITTEE, and DELAWARE DIVISION OF STATEWIDE BENEFITS, | § § § § § § § § § § § § § § § § § | No. 57, 2023<br><br>Court Below–Superior Court of the State of Delaware<br><br>C.A. No. N22C-09-526 |
| Defendants Below, Appellant, | § § § | |
| v. | § § | |
| RISEDELAWARE INC., KAREN PETERSON, and THOMAS PENOZA, | § § § § | |
| Plaintiffs Below, Appellees. | § § § | |

Submitted: March 3, 2023
Decided: April 3, 2023

Before **VALIHURA, VAUGHN,** and **TRAYNOR**, Justices.

## ORDER

After consideration of the notice to show cause and the parties' responses, it appears to the Court that:

(1) The appellants—Secretary Claire DeMatteis in her official capacity as Secretary of the Delaware Department of Human Resources and Co-Chair of the State Employee Benefits Committee, Director Cerron Cade in his official capacity as Director of the Delaware Office of Management and Budget and Co-Chair of the State Employee Benefits Committee, Delaware Department of Human Resources, Delaware State Employee Benefits Committee, and Delaware Division of Statewide Benefits (together, the "State")—have filed a notice of appeal from the Superior Court's February 8, 2023 order denying an application filed by the appellees—RiseDelaware Inc., Karen Peterson, and Thomas Penoza (together, "RiseDelaware")—for attorneys' fees (the "Order"). Because the court's order did not appear to be a final order, the Senior Court Clerk issued a notice to the State to show cause why this appeal should not be dismissed for its failure to comply with Supreme Court Rule 42 when taking an appeal from an apparent interlocutory order.

(2) The State has responded to the notice to show cause and argues that the Superior Court intended the Order to be its final act in the case. At the Court's request, RiseDelaware also responded to the notice to show cause. RiseDelaware argues that this appeal should be dismissed as interlocutory. We agree.

(3)     A recitation of the procedural history of this case is instructive. RiseDelaware filed its complaint against the State in September 2022, challenging the State's decision to require that all State retirees enroll in a Medicare Advantage Plan or lose their State-funded health benefits (the "Policy"). Counts I and II of the complaint alleged violations of the Administrative Procedures Act. Count III sought a declaration that the Secretary of the Delaware Department of Human Resources failed to execute her duties in violation of then-extant 29 *Del. C.* § 9604(8)[1] (the "Communications Claim") and a declaration that the State violated §§10115-10118 of the APA. On October 4, 2022, RiseDelaware filed a motion to stay the Policy, pending a final trial on the merits. On October 19, 2022, the Superior Court issued a decision granting the motion to stay (the "Decision"). Shortly after that, the State announced that it would extend health insurance and benefits to State retirees as ordered by the Decision through the calendar year 2023.

(4)     In November 2022, RiseDelaware and the State filed cross-motions for summary judgment on the Communications Claim, and RiseDelaware filed an application for attorneys' fees. On November 18, 2022, the parties stipulated to the dismissal of the Communications Claim. The parties also filed a proposed stipulation and order for the resolution of RiseDelaware's application for attorneys'

---

[1] As of January 26, 2023, the duties of the Secretary of Human Resources are codified in 29 *Del. C.* § 9603.

fees. On December 2, 2022, RiseDelaware filed a motion to amend its complaint to add an additional claim for declaratory judgment and a request for attorneys' fees in its prayer for relief. On December 6, 2022, the Superior Court rejected the proposed stipulation and order and directed the parties to file a stipulation "reflective of the disposition of the case." Also on December 6, 2022, the Superior Court directed RiseDelaware to re-notice its motion to amend the complaint and for the State to respond to the motion by December 20, 2022. The State filed its opposition to RiseDelaware's motion to amend its complaint the following day.

(5) On December 16, 2022, in accordance with the Superior Court's direction, the parties filed a stipulation and proposed order for entry of final judgment. The parties stipulated that, with the exception of the Superior Court's ruling on RiseDelaware's motion to amend the complaint and application for attorneys' fees, the action was ripe for the entry of a final judgment. The stipulation and the proposed order for entry of final judgment also declares that "the Parties agree that the Decision effectively grants [RiseDelaware] the complete relief sought in Counts I, II and the remaining paragraph of Count III[2] of the Complaint, and constitutes the [Superior] Court's findings of fact and conclusions of law on these claims." On December 19, 2022, the Superior Court denied RiseDelaware's motion

---

[2] Paragraphs 102-105 comprised Count III. The parties had previously stipulated to the dismissal of paragraphs 102-104 (the Communications Claim).

to amend its complaint as moot. The Superior Court took no action on the stipulation and proposed order for entry of final judgment.

(6) On February 8, 2023, the Superior Court issued the Order denying RiseDelaware's fee application. In the Order, the Superior Court expressly disavowed that it had made any findings of fact in the Decision, despite the parties' agreement to the contrary as recited in the stipulation and proposed order for entry of final judgment. Although the Order only addressed the issue of attorneys' fees, it concludes with the sentence, "No further order of this Court is needed to close the case." But the Superior Court's failure to enter the proposed order for entry of final judgment—again, submitted at the Superior Court's request and the form and substance of which was agreed to by the parties—renders the finality and scope of the Order and the Decision uncertain. Accordingly, we must dismiss this appeal for the State's failure to comply with Rule 42 when taking an appeal from an interlocutory order.

NOW, THEREFORE, IT IS HEREBY ORDERED, under Supreme Court Rule 29(b), that the appeal be DISMISSED.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice

5